**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALMA KOSS, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 17 C 2762 |
| | ) | |
| v. | ) | Honorable Judge Joan Gottschall |
| | ) | |
| THERESA EAGLESON and GRACE HOU, | ) | |
| | ) | |
| Defendants. | ) | |

**PARTIES' JOINT RESPONSE TO OCTOBER 5, 2021 ORDER TO SHOW CAUSE**
**RE: DECERTIFICATION OR REDEFINITION OF CLASS**

The parties, through their undersigned counsel, jointly respond to this Court's October 5, 2021 Order requesting them to "show cause why the class should not be decertified or redefined in order to satisfy the requirements of Rule 23 and to ensure the requirements for standing are satisfied[.]" (Dkt. 139) The parties state as follows:

1.     The parties jointly agree—based on Defendants' representations and Plaintiffs' analysis of data published by Defendants regarding the application and/or provisional eligibility status for current applicants for long-term care Medicaid benefits—that the class, as currently defined, lacks sufficient members to satisfy Rule 23(a)(1)'s numerosity requirement and does not satisfy the other requirements for class certification. The parties therefore jointly agree that the defined class should be decertified.

2.     The parties jointly agree—given Defendants' compliance with the requirements for timely eligibility determination of applications for long-term Medicaid benefits—that the declaratory and injunctive relief sought by Plaintiffs on behalf of the defined class is presently moot, and that there is no immediate threat of injury to current or future applicants for long-term care Medicaid benefits in the State of Illinois based on Defendants' failure to timely process and

determine eligibility for such benefits under federal law. As a result, the parties also jointly agree that it is impossible and unnecessary to redefine the class to permit the continued maintenance of this case as a class action and entry of the proposed Consent Decree.

3. The parties have further agreed that, upon entry of an order decertifying the class, they intend to do the following:

a. Defendants shall dismiss appeal No. 19-1254 currently pending in the United States Court of Appeal for the Seventh Circuit;

b. The parties shall jointly move for an order vacating this Court's March 29, 2018 preliminary injunction (Dkt. 56);

c. Plaintiffs shall voluntarily dismiss named Plaintiffs' claims by stipulation pursuant to Rule 41(a)(1)(ii); and

d. Pursuant to agreement, Defendants shall pay Plaintiffs' counsel their attorneys' fees in the amount of $775,000 (the negotiated amount set forth the proposed Consent Decree) in recognition of Plaintiffs' entitlement to attorneys' fees pursuant to 42 U.S.C. § 1988 as the prevailing party in this matter.

Wherefore, the parties jointly request that this Court enter an order decertifying the class so that they can take the additional steps identified above to bring this matter to conclusion.

RESPECTFULLY SUBMITTED, this 2nd day of November, 2021.

/s/ Ryan P. McBride
Barbara J. Duffy
Ryan P. McBride
LANE POWELL PC
1420 Fifth Ave., Suite 4200
P. O. Box 91302
Seattle, WA 98111-9402
206-223-7000
duffyb@lanepowell.com
mcbrider@lanepowell.com

/s/ Michael D. Arnold
Michael D. Arnold
ILLINOIS ATTORNEY GENERAL'S OFFICE
100 West Randolph Street, 13th Floor
Chicago, IL 60601
312-814-3720
michael.arnold@ilag.gov

Robert H. Farley, Jr.
Robert H. Farley, Jr., Ltd
1155 S. Washington Street
Naperville, IL 60540
630-369-0103
farleylaw@aol.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on November 2, 2021, a copy of the foregoing document was served via CM/ECF on all counsel of record.

/s/ *Ryan P. McBride*
Counsel for Plaintiffs